UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KANWALBIR SINGH** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. |
| **HARMEET SINGH CHAWLA and JOGINDER PAL SINGH LAMBA,** | § § § § | 3:21-CV-00024 |
| *Defendants.* | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Harmeet Singh Chawla and Joginder Pal Singh Lamba ("Defendants") file this Notice of Removal based on alienage jurisdiction under 28 U.S.C. §§ 1332(a)(2), 1441 and, in support thereof, respectfully shows the Court as follows.

### I.   INTRODUCTION

Defendant removes this state-filed action based on alienage jurisdiction under 28 U.S.C. §§ 1332(a)(2), 1441, as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state and citizens of a foreign state.

### II.   BACKGROUND

**A.   Plaintiff's State Court Petition**

1.   On February 2, 2021, Plaintiff filed its Original Petition and Application for Temporary Restraining Order ("Petition") in the 171st Judicial District Court of

El Paso County, Texas in a case styled *Kanwalbir Singh v. Harmeet Singh Chawla and Joginder Pal Singh Lamba.*

### B.   Citizenship of the Parties

2. Plaintiff Kanwalbir Singh ("Plaintiff") is domiciled in California. (As alleged in Paragraph 2 of the Petition).

3. Defendant Harmeet Singh Chawla is domiciled in a foreign state, Australia.

4. Defendant Joginder Pal Singh Lamba is domiciled in a foreign state, Australia.

### C.   Amount in Controversy

4. The amount in controversy, exclusive of interests and costs, exceeds 75,000 as required by 28 U.S.C. § 1332(a).

5. While the Petition does not state an amount of damages, the Declaration of Mr. Chawla, which is in the Appendix at 1, attests to the issues in controversy far exceeding $75,000 in controversy. The performance improvement plan that Plaintiff seeks to prevent involves improvements to the property in excess of $500,000. The loss of the Holiday Inn franchise as a result of not complying with the franchise requirements would result in a significant diminution of the value of the property and a decline in revenue by as much as $1 million.

### D.   Removal is Timely

6. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. Neither Defendant has been served with process. Counsel for Defendant received an email yesterday, February 3, 2021, attaching the Petition.

### E. Consent to Removal

7. Both Defendants jointly remove the above-entitled cause; therefore, no additional consent to removal is required.

### F. Pleadings and Documents Attached

8. Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following:

a) Declaration of Harmeet Singh Chawla – App. 001-002;

b) Index of Documents Filed in State Court – App. 003;

c) State Court Docket – App. 004;

d) Plaintiff's Original Petition and Application for Temporary Restraining Order – App. 005-076

e) Civil Cover Sheet;

f) Supplemental Civil Cover Sheet.

### G. Notice of Removal Given to State Court and Adverse Parties

9. Promptly after filing this Notice of Removal, Defendants will give written notice thereof to Plaintiff and will file a copy of this Notice of Removal with the clerk of the 171st Judicial District Court of El Paso County, Texas, as required by 28 U.S.C. § 1446(d).

### H. Venue

10. Removal to this district under 28 U.S.C. § 1441(a) is proper because the United States District Court for the Western District of Texas, El Paso Division, is the district and division that embraces the place the removed action has been pending, which is El Paso County, Texas. *See* 28 U.S.C. § 124(d)(3).

### III. GROUNDS OF REMOVABILITY

11. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

12. Plaintiff is an individual domiciled in California.

13. Defendants Chawla and Lamba are both citizens of Australia and domiciled in Australia.

14. Accordingly, the matter in controversy is between citizens of a state—California—and the citizens of a foreign state—Australia.

15. The matter in controversy also exceeds $75,000.00 exclusive of interest and costs. See Defendant Chawla's Declaration. *See* App. 1.

16. Therefore, under 28 U.S.C. § 1332(a)(2), this Court has original jurisdiction over the civil action originated by Plaintiff's Petition in state court, and Defendants remove this action as a matter of right under 28 U.S.C. § 1441.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1446(a), Defendants remove this state-court action in the case styled *Kanwalbir Singh v. Harmeet Singh Chawla and Joginder Pal Singh Lamba,* Cause No. 2021DCV0372, to the United States District Court of the Western District of Texas, El Paso Division, based on alienage jurisdiction.

Dated:  February 4, 2021

Respectfully submitted,

*/s/ Edward J. Dennis*
Edward J. Dennis
State Bar No. 24045776
jdennis@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following counsel of record via electronic filing on February 4, 2021:

Christopher R. Bankler
State Bar No. 24066754
cbankler@jw.com
Devanshi Somaya
State Bar No. 24102524
dsomaya@jw.com
JACKSON WALKER, LLP
2323 Ross Avenue Suite, 600
Dallas, Texas 75201
T: 214-953-6000
F: 214-953-5822

*/s/ Edward Jason Dennis*
Edward Jason Dennis